# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**LORENZO HULL, #81181**                                                   **PETITIONER**

**VERSUS**                                             **CIVIL ACTION NO. 5:09-cv-2-DCB-MTP**

**STATE OF MISSISSIPPI**                                                   **RESPONDENT**

## MEMORANDUM OPINION

Petitioner, an inmate of the Mississippi Department of Corrections, filed on January 9, 2009, a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 and requested *in forma pauperis* status. On January 27, 2009, an Order [6] was entered which denied the Petitioner's request to proceed *in forma pauperis* in this civil action and he was ordered to pay the required $5.00 filing fee, within twenty days. On February 26, 2009, an Order [9] was entered granting Petitioner an extension of time, to March 12, 2009, to pay the filing fee. Although, Petitioner filed a change of address with the Court on March 13, 2009, and again on April 3, 2009, he failed to pay the filing fee. On April 20, 2009, an Order [12] was entered directing Petitioner to show cause why this case should not be dismissed for his failure to comply with a court order. Petitioner was also directed to pay the filing fee within fifteen days.

On May 4, 2009, Petitioner filed his second motion [13] for extension of time to pay the filing fee. On May 7, 2009, an Order [14] was entered granting Petitioner an extension of time, to May 22, 2009, to pay the filing fee. On May 18, 2009, Petitioner filed a change of address [15] with the Court along with a pleading entitled "Notice of Acknowledgment" [16], wherein he detailed his difficulties with paying the filing fee and appeared to be requesting waiver of his obligation to pay the filing fee. The Court was not persuaded by the Petitioner's assertions or

attached inmate account information. However, since Petitioner is incarcerated and proceeding *pro se*, he was provided one final opportunity to comply with the Court's order. On June 22, 2009, a "Final Order To Show Cause Prior To Dismissal" [17] was entered by the Court. This Order directed the Petitioner to show cause why his case should not be dismissed for his failure to comply with the Court's orders and he was directed to pay the filing fee on or before July 2, 2009. The Order warned the Petitioner that if he did not comply, this case would be dismissed without further notice to the Petitioner. He has not complied with this Order.

Petitioner has failed to comply with five Court orders. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Respondent has not been called on to respond to the

Petition, and the Court has not considered the merits of Petitioner's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 Fed. Appx.265, 267 (5th Cir.2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the   4th   day of   August  , 2009.


                                                 s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE